## CLEMENT *v.* CLEMENT.

A writ of entry, containing a command to the sheriff to attach the property of the defendant, and for want thereof to take the body, is erroneous, so far as it relates to the arrest; but the writ is not for that reason entirely void; and if it has been served by an attachment and summons, it may be amended by striking out the alternative command for the arrest of the body of the defendant.

Whether a demurrer is a proper mode of taking advantage of the error, *quære?*

WRIT OF ENTRY. The sheriff was commanded by the writ to arrest the body of the defendant, or attach his property, and summon him, &c.

The defendant was not arrested, but the officer returned that he had attached certain property of the defendant, and had given him a summons, &c.

The defendant demurred, and assigned for causes of demurrer: (1) that in said writ the sheriff or his deputy is commanded to arrest the body of the defendant; (2) the writ is a *capias;* (3) that it is not a writ of attachment or summons only.

The plaintiff contended that if the demurrer should be

Clement *v.* Clement.

sustained, still the defect was amendable, and moved for leave to amend.

*Hibbard,* for the plaintiff.

*I. & S. H. Goodall,* for the defendant.

PARKER, C. J.  The motion to amend is granted, upon the terms that the plaintiff pays the costs of the transfer of the questions to this court.

There was an error in the alternative command of the writ, for want of property to arrest the body of the defendant.  Formerly a writ of entry was a writ of summons only.  This did not enable the plaintiff to take any security for the costs.  The change, which was made for this purpose, provided for an attachment only, and did not authorize an arrest of the body of the defendant.  Rev. Stat. 362, sec. 8.

But no action has been had under the erroneous part of the command.  The other part of the command was a direction for a service which was legal and proper, and the writ was in fact served according to this part of the command, in a mode perfectly regular.

The question then is, whether the mere insertion of the erroneous command, in addition to the usual and proper direction, when no action has been had upon it, renders the writ, and all proceedings under it, void ; and we are of opinion that there can be but one answer.  The maxim, *utile per inutile non vitiatur,* applies.  It is a mere clerical error, and of course amendable.  If the whole direction for the service had been unwarranted, the case might have been different.

It may well be doubted whether the error is one which furnishes the ground of a demurrer.  It seems that a plea in abatement, or a motion to quash the writ, would have been the regular course ; but the leave to amend renders that question unimportant.

*Leave to amend.*